UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT FUGATE,**

    **Plaintiff,**

v.                          Case No. 8:09-cv-2600-T-33TBM

**NATHANIEL McQUAY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* **Plaintiff's Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. Robert Fugate seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). As a threshold matter, however, the court must determine whether Plaintiff's Complaint (Doc. 1) fails to state a cause of action or is frivolous and therefore subject to dismissal. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915. The court has also examined Plaintiff's Complaint to determine whether it confers subject matter jurisdiction on the court. See Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action") (emphasis added). Federal courts are obligated to consider subject matter jurisdiction *sua sponte* whenever it may be lacking. *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1308 (11th Cir. 2001) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Robert Fugate's claims appear to be related to a landlord/tenant dispute initiated in another case against him. Although he does not indicate in which court the initial action was brought, his Complaint here "countersues" Nathaniel McQuay and/or Desiere Taylor-McQuay, Anthony F. Klokoc (Owner), and Diana Klokoc, for violations of numerous Florida statutes.[1] The rambling Complaint makes reference to code violations, an argument about carrying a weapon, a threat of eviction, complaints to the Sheriff's office, and disputes regarding rent payments made. *See* (Doc. 1, ¶¶1-4). Nowhere within the four corners of Plaintiff's Complaint does he establish this court possesses either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 or 1332.[2] Thus, this court lacks subject matter jurisdiction and must dismiss this case for failure to state a claim upon which relief may be granted.

Upon my consideration, even though the court construes a *pro se* Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to establish a basis for subject matter jurisdiction. For this reason, I recommend that the court **DISMISS** Plaintiff's

---

[1]Without more, the Complaint lists the following sections of Florida Statutes: §§ 83.46(2); 83.49; 83.49, 3(b)(c)F; 83.51; 83.51(1)(a)(b); 83.51(2)(a)F, 83.52; 83.53(2); and 83.56(1), *Fla. Stat*. (Doc. 1, ¶5).

[2]While his affidavit of indigency references "*qui tam*," such cause of action is nowhere alleged in the complaint. A "*qui tam*" action is a civil action initiated by a private individual on behalf of the United States. *See Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F. 3d 1318, 1322 (11th Cir. 2009). Nothing in Plaintiff's allegations indicates the applicability of a *qui tam* action.

Complaint (Doc. 1) for lack of subject matter jurisdiction and **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

                                                Respectfully submitted on this
                                                30th day of March 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

       Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff